IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kelvin Richardson, #277898, | ) | C/A No.: 1:15-1702-GRA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| County of Greenville; Assistant County | ) | |
| Admin. John Vandermosten; Operations | ) | |
| Administrator Scotti Bodiford; Sgt. | ) | |
| Dana Lewis; and Officer Debbie Glenn, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Kelvin Richardson ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at Greenville County Detention Center ("GCDC") by the following defendants: County of Greenville, Assistant County Administrator John Vandermosten, Operations Administrator Scotti Bodiford, Sgt. Dana Lewis, and Officer Debbie Glenn (collectively "Defendants"). [ECF No. 1 at 1–2].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this complaint alleging claims for denial of legal research and obstruction of justice. [ECF No. 1 at 2]. Plaintiff claims that he has been housed in the GCDC since February 28, 2014, and alleges that Lewis and Glenn conspired to violate his constitutional right to legal research. *Id.* at 4. Plaintiff states that his assigned public defender was relieved as his counsel on January 9, 2015, and claims that on March 7, 2015, contract attorney Kenneth Gibson ("Gibson") was assigned to represent him. *Id.* Plaintiff alleges that as of the date of his filing, "Plaintiff [has] yet to make any contact with any attorney, which he argues "voids him of . . . GCDC stance/not policy/on legal research." *Id.* at 5. Plaintiff claims that he filed a grievance on April 9, 2015, to Vandermosten "to no avail." *Id.* Plaintiff alleges that he has been "left to fend for himself as far as representation is concern[ed]." *Id.* Plaintiff alleges that he is now being treated for anxiety, lack of sleep, and stress "created and brought on by his fear of conviction due to not being able to access legal research for the purpose of defending himself." *Id.* at 6. Plaintiff argues that the "denial of legal research . . . severely increases his likelihood of a conviction." *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 7.

II.     Discussion

A.      Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts

must be able to demonstrate "actual injury" such that his non-frivolous legal claim was

frustrated or impeded); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006)

(finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was

injured by any limitations on his access to a law library). A plaintiff must make specific

allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317

(4th Cir. 1996) (finding that plaintiff failed to identify any actual injury resulting from

official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a

prisoner had a "basic requirement that he show specific harm or prejudice from the

allegedly denied access").

Plaintiff alleges that he is unable to research legal information "in the attempt to

secure a reasonable bond." [ECF No. 1 at 5]. Plaintiff also argues that his inability to

research legal information is causing him to miss out on opportunities to secure crucial

evidence that would vindicate him. *Id.* Plaintiff's complaint indicates that Plaintiff is

represented by Gibson who was assigned to be Plaintiff's counsel on March 7, 2015. *Id.*

at 4. Although Plaintiff alleges that he has not had any contact with his attorney, Plaintiff

does not offer any evidence that Gibson is no longer his counsel. It is well established

that representation by counsel negates a prisoner's claim of inadequate access to the

courts. *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (holding that a prisoner's

right to meaningful court access may be satisfied by providing prisoner with "adequate

assistance from persons trained in the law"); *see also Horton v. Berkebile*, C/A No. 5:10–

290, 2012 WL 5825691, at *7 n.5 (S.D. W.Va. Oct. 26, 2012) (collecting cases). Further,

because Plaintiff's claims regarding his bond and potential discovery are conclusory and

speculative, they are insufficient to demonstrate that Defendants' actions prejudiced or impeded any specific non-frivolous legal action. *See Lewis*, 518 U.S. at 351–52 (holding that prisoners must specifically allege facts to demonstrate actual injury to a non-frivolous legal action). Accordingly, the undersigned recommends Plaintiff's complaint be summarily dismissed.[1]

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 18, 2015                                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] To the extent Plaintiff seeks damages based on Vandermosten's failure to respond to his April 9, 2015, grievance, Plaintiff does not have a constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).